### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **ALEX T. JARRELL**, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>**CATTLE BARON RESTAURANTS, INC.;**<br>**MELANIE STEELE**, Chief Executive Officer<br>of Cattle Baron Restaurants, Inc.; **CLAYTON**<br>**WILSON**, President of Cattle Baron<br>Restaurants, Inc; **JOHN DOES I-X; JANE**<br>**DOES I-X; BLACK AND WHITE ENTITIES**<br>**I-X,**<br><br>  Defendants. | **No.  2:23-cv-586**<br><br><br>**COMPLAINT FOR DAMAGES**<br><br>*Jury Demand* |

COMES NOW Plaintiff, Alex T. Jarrell ("Plaintiff" hereinafter), by and through his undersigned counsel, Joseph M. Zebas, ZEBAS LAW FIRM, L.L.C., and hereby presents the following Complaint against Defendant Cattle Baron Restaurants, Inc. ("Defendant Cattle Baron" hereinafter), Defendant Melanie Steele (hereinafter "Defendant Steele"), and Defendant Clayton Wilson (hereinafter "Defendant Wilson") as follows:

### I.  STATEMENT OF CLAIM

1. On January 30, 2023, Plaintiff filed a claim for discrimination with the New Mexico Human Rights Bureau on the basis of his Race, which is Black, which is in violation of the New Mexico Human Rights Act (NMHRA).

2. This action seeks redress for Defendants' violations of the New Mexico Human Rights Act and laws of the United States in connection with discrimination, hostile work environment and retaliation. This action specifically seeks to enforce rights created under

the NMHRA and Title VII, Civil Rights Act of 1964 ("Title VII") (42 U.S.C. § 2000e, *et seq.*), prohibiting race and national origin discrimination, sex discrimination, racial and sexual harassment and retaliation in employment based upon sex, race, national origin and under 42 U.S.C. § 1981 ("Section 1981"), prohibiting race and national origin discrimination, and racial harassment and retaliation in employment based upon race and national origin.

3. Plaintiff seeks declaratory, injunctive, and other equitable relief, and compensatory and punitive damages based on Defendants' deprivation of rights accorded to Plaintiff under NMHRA, § 1981 of the Civil Rights Act of 1981, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981.

4. Additionally, Plaintiff seeks declaratory, injunctive, and other equitable relief, and compensatory and punitive damages based on Defendants' discrimination against him in violation of Title VII of the Civil Right Act of 1964 as amended by the Civil Right Act of 1991, 42 U.S.C. §§ 2000e, et seq. ("Title VII").

## II. PARTIES

5. Plaintiff incorporates and realleges, in full, paragraphs 1 through 4 as more fully set forth herein.

6. Plaintiff is an African-American citizen of the United States residing in Hobbs, Lea County, New Mexico.

7. Defendant Cattle Baron Restaurants, Inc., upon information and belief and at all times material hereto, is a Domestic For-Profit Corporation located in Lea County, New Mexico and incorporated in the State of New Mexico, with its headquarters located at

901 S. Main St., #A, Roswell, New Mexico, and its registered agent located at 6100 Uptown Blvd. NE, Suite 400, Albuquerque, New Mexico.

8.     Defendant Steele, is a resident of Lea County, New Mexico. Upon information and belief and at all times material hereto, Defendant Steele is the Chief Executive Officer (CEO) of Defendant Cattle Baron.

9.     Defendant Wilson, is a resident of Lea County, New Mexico. Upon information and belief and at all times material hereto, Defendant Wilson is the President of Defendant Cattle Baron.

10.    Although Plaintiff has sued the Defendants, designated as JOHN DOES I-X, JANE DOES I-X, and BLACK and WHITE ENTITIES I-X, by fictitious names, Plaintiff will ask the Court to amend this Complaint to show true names, capacities and status as Defendants who are and were at all times relevant herein employees, servants, actual agents, or ostensible agents of named Defendants acting within the scope of their employment or agency when the same have been ascertained or clarified. Plaintiff was informed and believes, and therefore alleges that each Defendant designated herein are legally responsible and committed wrongful acts in violation of Plaintiff's constitutional rights in some manner for the events and happenings referred to herein and the damages as claimed herein.

11.    All acts and omissions of individual Defendants were done within the scope of actual, apparent and/or sensible employment by and pursuant to actual, apparent and/or ostensible authority of other Defendants making the corporation(s) and/or partnership(s), and/or other entity(ies) which are Defendants here responsible under the doctrine of

agency, ostensible agency and/or *respondeat superior*, for the acts and omissions of the individual Defendants.

### III.  JURISDICTION AND VENUE

12.    Plaintiff incorporates and re-alleges, in full, paragraphs 1 through 11 as more fully set forth herein.

13.    This is an action authorized and instituted pursuant to the New Mexico Human Rights Act ("NMHRA" hereinafter), Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e, et seq.; and Section 1981, of the Civil Rights Act of 1871, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981("Section 1981").

14.    All administrative procedures pursuant to NMHRA have been exhausted and all parties reside in or do business in Lea County New Mexico, and all acts giving rise to this cause of action occurred in Lea County, New Mexico, therefore, jurisdiction is proper in this Court. The jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331 and 1343, as an action to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed, and protected by federal law.

### IV.  ADMINISTRATIVE PREREQUISITES

15.    Plaintiff incorporates and re-alleges, in full, paragraphs 1 through 14 as more fully set forth herein.

16.    Plaintiff submitted a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC" hereinafter) on January 30, 2023.

17.    On April 13, 2023, EEOC issued a Determination and Notice of Rights (Charge 453-2022-00667) dismissing the charge and right to sue within ninety (90) days of receipt of the notice.

## V. FACTUAL ALLEGATIONS

18. Plaintiff incorporates and re-alleges, in full, paragraphs 1 through 17 as more fully set forth herein.

19. The Plaintiff has worked for Defendant Cattle Baron as a full-time employee from September of 2002, until January 25, 2023.

20. Plaintiff began working for Defendant Cattle Baron when he was 16 years old as a busser in the Cattle Baron restaurant located in Hobbs, New Mexico.

21. During the course of his over 20-year career with Defendant Cattle Baron, Plaintiff advanced from busser, to cook, to server, to assistant manager, then general manager, and finally earned the position of district manager.

22. Plaintiff diligently and adequately served his role as district manager for 12 years.

23. During his employment, Plaintiff experienced a hostile work environment and was subject to regular discriminatory and derogatory statements and behavior.

24. In 2022, Defendant Cattle Baron changes the rules regarding mileage pay and reimbursement after Plaintiff questioned procedures and the withholding of managers' mileage pay outs.

25. Plaintiff submitted a complaint citing unfair business practices and hostile work environment.

26. After which, Defendants withheld Plaintiff's mileage pay after paying other managers mileage pay who requested it at the same time as Plaintiff.

27. It was not until Plaintiff relentlessly emailed and complained and requested for his mileage reimbursement, that it was finally paid.

28. Additionally, Defendant Steele, owner of Cattle Baron, would refer to Plaintiff as her "Black Stallion."

29. In response to employee complaints, Defendants changed the policy and procedure of employees submitting complaints to Corporate to reduce employee complaints and hinder the employee's ability to advocate for themselves.

30. Plaintiffs work environment became more hostile by Defendants, Plaintiffs direct supervisor, when he refused to reprimand employees at the direction of upper management for them filing complaints with corporate because the corporate office failed to issue regular paychecks to employees.

31. Upon hiring by Defendant Cattle Baron, Plaintiff signed the company handbook that indicated that Defendant Cattle Baron followed a progressive discipline scheme to address and violations of company policies or procedures.

32. In over 20 years of working for Defendant Cattle Baron, Plaintiff has never been issued a written warning, reprimanded, or informally or formally disciplined in any manner prior to his termination.

33. On September 27, 2022, Plaintiff made an official, internal complaint alleging a hostile work environment for himself and other managers.

34. On January 25, 2023, Defendant Cattle Baron, retaliated against Plaintiff and terminated his employment without just cause and in violation of their Agreement.

35. On January 30, 2023, after Plaintiff was wrongfully terminated, he submitted a claim with the EEOC.

36. During his employment, Plaintiff experienced a hostile work environment consisting of, but not limited to, the following:

a. Withholding mileage pay from Plaintiff while pay other managers who were not African American;

b. Veiled threats;

c. Intimidation;

d. Suppression of employee complaints;

e. Discriminatory statements; and

f. Derogatory remarks toward plaintiff.

37. At all times mentioned herein, each of the above-described individuals were agents, servants and employees of Defendant Cattle Baron, and they were acting as proxies or alter egos for Defendant Cattle Baron or were acting within the scope and course of their agency and employment, or their actions were expressly authorized or ratified by Defendant Cattle Baron.

38. During the course and scope of Plaintiff's employment, Defendants' representatives acting within the course and scope of their employment, have engaged in a pattern and practice of intentional discrimination and harassment of Plaintiff based on his race, in violation of 703(a) of Title VII, 42 U.S.C. §2000e 2(a) and §2000e 3(a).

39. Defendant Steele, and other management-level employees knew or should have known of the pervasive harassment and racial discrimination problems described herein, but failed to address the problem and further failed to implement effective and appropriate procedures to stop and remedy the harassment and racial discrimination.

40. Defendant Cattle Baron fostered a hostile and abusive work environment where Plaintiff worked by failing to provide an effective anti-harassment training program for supervisors, managers, and employees like Defendant Steele.

41.    The conduct of Defendant Cattle Baron and Defendant Cattle Baron's presidents, officers, directors, managers, and employees, including Defendant Mitchell, in speaking to or allowing other staff to treat Plaintiff with ridicule, mockery, and racially harassing and insulting terminology, was severe and pervasive enough to create a work environment that a reasonable person would consider hostile and abusive.

42.    By failing to conduct a prompt investigation of Plaintiff's allegations of racial discrimination and physical abuse, Cattle Baron's presidents, officers, directors, managers, and employees exacerbated the discriminatory and hostile work environment to which Plaintiff was subjected.

43.    Defendant Cattle Baron, by and through its agents and employees, engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

44.    The actions and conduct of Defendant Cattle Baron and/or Defendants Steele and Wilson, and other directors and staff at Cattle Baron Restaurants, Inc., particularly that of Defendant Steele, are outrageous because of their evil motive to damage or destroy Plaintiff's right to fair pay, right to equal treatment, or their reckless indifference or conscious disregard for the federally protected rights of Plaintiff.

45.    Further, the above-described conduct of Defendant Cattle Baron, by and through its management and staff, interfered with Plaintiff's work performance and adversely affected Plaintiff's employment, health, and home life.

46.    The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others similarly situated, entitling Plaintiff to punitive damages from Defendant Cattle Baron to punish

Defendant Steele and Defendant Wilson and to deter Defendants and others from like conduct.

## COUNT I.  RACE/NATIONAL ORIGIN DISCRIMINATION

47. Plaintiff incorporates and re-alleges, in full, paragraphs 1 through 47 as more fully set forth herein.

48. Plaintiff's national origin, race, color, ancestry, ethnic characteristics were a motivating factor in Defendants' mistreatment of Plaintiff.  Defendants willfully, knowingly, and intentionally discriminated against Plaintiff on the basis of his national origin, race, color, ancestry, ethnic characteristics, and the motivating factor in the mistreatment of Plaintiff. By engaging in such conduct, Defendants violated 42 U.S.C. § 1981, § 703 (a) (1) of Title VII and NMHRA, which makes such conduct unlawful employment practice to discriminate against an individual because of his or her national origin, race and/or color.

49. Title VII strives to achieve equality of opportunity by rooting out artificial, arbitrary, and unnecessary employer-created barriers to professional development that have a discriminatory impact upon individuals.

50. Defendants engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff.

51. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered pecuniary loss, the type and amount which will be established at the trial of this cause.

52. As a direct and proximate result of Defendants' conduct alleged under this Count, Plaintiff has suffered nonpecuniary loss, including the emotional pain, suffering, inconvenience, mental anguish, emotional distress and loss of enjoyment of life.

53.    As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages including mental anguish and emotional distress.

54.    Plaintiff has been (and continues to be) damaged as a direct and proximate result of Defendants' actions causing Plaintiff severe and continuing injuries, including, but not limited to:

    a.    emotional pain and suffering;

    b.    insult;

    c.    mental distress;

    d.    embarrassment;

    e.    humiliation;

    f.    anxiety; and

    g.    inconvenience.

    **WHEREFORE**, Plaintiff requests that this Court, after a trial by jury of his claims, enter judgment against Defendant Cattle Baron granting such relief as may be appropriate, including: a finding that he has been subjected to unlawful conduct prohibited by 42 U.S.C. § 1981; reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; Plaintiff's reasonable attorneys' fees, expert witness fees and expenses, the costs of this action; and for such further relief as the Court considers just and proper.

**COUNT II.  RACIAL HARASSMENT IN VIOLATION OF THE NEW MEXICO
HUMAN RIGHTS ACT**

55.    Plaintiff incorporates and realleges, in full, paragraphs 1 through 55 as more fully set forth herein.

56. Defendants willfully, knowingly, and intentionally discriminated against Plaintiff on the basis of his national origin, race, color, ancestry, and ethnic characteristics. Defendants otherwise knew or should have known of such racial harassment and yet failed to take prompt remedial and corrective action, and instead took it a step further and retaliated against Plaintiff. By such conduct and omissions, Defendants violated the New Mexico Human Rights Act and Title VII, which make it an unlawful employment practice for an employer to discriminate against any person because of national origin, race, or color.

57. Defendants engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff.

58. As a direct and proximate result of the unlawful racial harassment and retaliation alleged under this Count, Plaintiff has suffered pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

59. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages including mental anguish and emotional distress.

60. Plaintiff has been (and continues to be) damaged as a direct and proximate result of defendants' actions causing Plaintiff severe and continuing injuries, including, but not limited to:

a.    emotional pain and suffering;

b.    insult;

c.    mental distress;

d.    embarrassment;

e.    humiliation;

f.      anxiety; and

g.      inconvenience.

**WHEREFORE**, Plaintiff requests that this Court, after a trial by jury of his claims, enter judgment against Defendant Cattle Baron granting such relief as may be appropriate, including: a finding that he has been subjected to unlawful conduct prohibited by 42 U.S.C. § 1981; reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; Plaintiff's reasonable attorneys' fees, expert witness fees and expenses, the costs of this action; and for such further relief as the Court considers just and proper.

## COUNT III.  HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII AND NMHRA

61.    Plaintiff incorporates and re-alleges, in full, paragraphs 1 through 61 as more fully set forth herein.

62.    During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to a hostile work environment, which included, but not limited to, derogatory and discriminatory remarks about Plaintiff's race and retaliatory behavior if Plaintiff disagreed with anything Defendants did, all of which Plaintiff did not welcome.

63.    Unwelcome, derogatory and discriminatory remarks and behavior, and the inadequacy of Defendants' response thereto, had the purpose and effect of unreasonably interfering with Plaintiff's work performance and/or creating an abusive, intimidating, hostile and offensive work environment, which directly affected the terms, conditions and privileges of Plaintiff's employment and violated his statutory rights to be free from discrimination on the basis of race.

64. Defendant Cattle Baron and its directors, failed to take adequate measures to prevent, investigate, and eradicate racial discrimination and retaliation in Plaintiff's workplace.

65. Defendant Cattle Baron failed to take adequate steps to stop the behavior, and failed to take any measures designed to promptly prevent and remediate acts of discrimination and retaliation, both before and after, and/or as a result of, any of the incidents alleged herein.

66. Defendants' failure to prevent, eradicate, and promptly remediate acts of discrimination and retaliation amounted to a condonation and ratification of such behavior and Defendants' omissions perpetuated an abusive and hostile work environment.

67. By creating, condoning and perpetuating a racially hostile work environment, Defendants have intentionally and with reckless indifference violated Plaintiff's rights under Title VII, NMHRA and New Mexico Common Law, thereby justifying an award of punitive damages.

68. Defendants' condonation, ratification, tacit approval and perpetuation of racially discriminatory behavior has caused Plaintiff to suffer severe humiliation, embarrassment, degradation and severe emotional and physical distress, as well as economic losses.

69. Plaintiff further alleges that the acts of Defendant Cattle Baron, through its employees and agents, singularly or in combination, constitute racial harassment, discriminatory and disparate treatment of Plaintiff, as consequence of his race.

70. Defendant Cattle Baron, through its employees and agents, including those named herein, acted in a willful, malicious, intentional and unlawful manner, and in reckless disregard of Plaintiff's rights, and Plaintiff demands and is entitled to exemplary or punitive damages in an amount which bears a reasonable relationship to his actual damages.

71. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages including mental anguish and emotional distress.

72. Plaintiff has been (and continues to be) damaged as a direct and proximate result of defendants' actions causing Plaintiff severe and continuing injuries, including, but not limited to:

a. emotional pain and suffering;

b. insult;

c. mental distress;

d. embarrassment;

e. humiliation;

f. anxiety; and

g. inconvenience.

**WHEREFORE**, Plaintiff requests that this Court, after a trial by jury of his claims, enter judgment against Defendant Cattle Baron granting such relief as may be appropriate, including: a finding that he has been subjected to unlawful conduct prohibited by 42 U.S.C. § 1981; reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; Plaintiff's reasonable attorneys' fees, expert witness fees and expenses, the costs of this action; and for such further relief as the Court considers just and proper.

## COUNT IV.  VIOLATION OF 42 U.S.C. §1981

73. Plaintiff incorporates and re-alleges, in full, paragraphs 1 through 73 as more fully set forth herein.

74. This action is brought pursuant to 42 U.S.C. § 1981.

75.    During Plaintiff's employment, Defendant Cattle Baron's representatives, agents and employees, acting within the course and scope of their employment, engaged in a pattern of practice of intentional discrimination against Plaintiff based on his race.

76.    Defendant Cattle Baron, through its representatives, agents, and employees engaged in these discriminatory practices with malice or reckless indifference towards Plaintiff's federally protected rights.

77.    The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others similarly situated, entitling Plaintiff to punitive damages from Defendants to punish Defendants and to deter them and others from like conduct.

78.    As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages including mental anguish and emotional distress.

79.    Plaintiff has been (and continues to be) damaged as a direct and proximate result of Defendants' actions causing Plaintiff severe and continuing injuries, including, but not limited to:

a.    emotional pain and suffering;

b.    insult;

c.    mental distress;

d.    embarrassment;

e.    humiliation;

f.    anxiety; and

g.    inconvenience.

**WHEREFORE**, Plaintiff prays that this Court order the following relief:

A.  The Court issue a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with them from engaging and continuing to engage in the unlawful practices set forth herein or committing any other practice shown to violate Title VII of the Civil Rights Act of 1964;

B.  A judgment against Defendants awarding Plaintiff compensatory damages as redress for Defendants' unlawful conduct under Title VII, § 1981 and the New Mexico Human Rights Act;

C.  A judgment against Defendants awarding Plaintiff compensation for past and future pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

D.  Punitive damages awarded to the Plaintiff as a result of Defendants' intentional illegal misconduct in an amount to be more fully proven at the time of trial;

E.  Plaintiff be awarded costs in this action, and reasonable attorney's fees as provided by Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981; and

F.  The Court grant any other legal or equitable relief deemed appropriate and proper.

## COUNT V.  NEGLIGENT SUPERVISION & RETENTION

80.  Plaintiff incorporates and re-alleges, in full, paragraphs 1 through 80 as more fully set forth herein.

81.  Defendant Steele was placed in a position of CEO at Defendant Cattle Baron's headquarters in Roswell, New Mexico, and supervised many employees, including Plaintiff.

82.   Defendant Cattle Baron's president, Defendant Wilson, knew or reasonably should have known of Defendant Cattle Baron's employees' conduct with Plaintiff and others, and knew or reasonably should have known that this conduct would harm Plaintiff and others.

83.   Defendant Cattle Baron owed a duty of care to Plaintiff and other similarly situated employees to provide a safe work environment, which included the duty to protect them from racial harassment and other inappropriate behavior perpetrated by Defendant Cattle Baron's employees, as well as the duty to enforce its policies designed to protect employees from harassment and retaliation.

84.   Defendant Cattle Baron's president, Defendant Wilson, and CEO, Defendant Steele, and other directors had knowledge or, and took place in, the discrimination, hostile work environment, and retaliation Plaintiff was subject to.

85.   Defendant Cattle Baron failed to effectively monitor Plaintiff's work environment and its employees' conduct, failed to adequately investigate complaints of racial harassment and retaliation, failed to take effective remedial action, and failed to provide effective training to all employees concerning the prohibition against, the prevention of, and the proper investigation of inappropriate conduct. Defendant Cattle Baron thereby failed to eradicate the acts of racial harassment, racial discrimination, retaliation, and other forms of inappropriate behavior exhibited toward Plaintiff.

86.   Defendant Cattle Baron failed to properly supervise Defendant Steele, and retained her in her supervisory position despite her conduct, thereby breaching its duty to Plaintiff and others.

87.   Defendant Cattle Baron knew or should have known that if it did not effectively monitor the work environment and its employees' conduct, that if it did not adequately investigate

complaints of racial harassment, claims of discrimination and acts of retaliation, that if it did not take effective remedial action, and that if it did not provide effective training to all employees, harm to employees would likely be caused by such acts and omissions.

88. As a direct and proximate result of Defendant Cattle Baron's failure to supervise its employees and failure to take adequate measures to prevent, remediate and eradicate racial harassment and discrimination, Plaintiff has suffered harm.

89. Because the conduct of its employees occurred while acting within the course and scope of their employment and with Defendant Cattle Baron's knowledge and implied consent and approval, Defendant Cattle Baron is responsible for the injuries to Plaintiff and for damages.

90. Defendant Cattle Baron's employees and agents acted in a willful, malicious, intentional and unlawful manner, and in reckless disregard of Plaintiff's rights, and Plaintiff demands and is entitled to punitive damages in an amount which bears a reasonable relationship to his actual damages.

91. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages including mental anguish and emotional distress.

92. Plaintiff has been (and continues to be) damaged as a direct and proximate result of defendants' actions causing Plaintiff severe and continuing injuries, including, but not limited to:

a.    emotional pain and suffering;

b.    insult;

c.    mental distress;

d.      embarrassment;

e.      humiliation;

f.      anxiety; and

g.      inconvenience.

**WHEREFORE**, Plaintiff requests that this Court, after a trial by jury of his claims, enter judgment against Defendant Cattle Baron granting such relief as may be appropriate, including: a finding that he has been subjected to unlawful conduct prohibited by 42 U.S.C. § 1981; reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; Plaintiff's reasonable attorneys' fees, expert witness fees and expenses, the costs of this action; and for such further relief as the Court considers just and proper.

DATED this 12th day of July, 2023.

Respectfully submitted by:

ZEBAS LAW FIRM, L.L.C.
By:  *Joseph M. Zebas*
Joseph M. Zebas
502 West Alto Drive
Hobbs, New Mexico  88240
T:  575-393-1024
joe.zebas@zebaslaw.com
*Attorney for Plaintiff*