IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALEX T. JARRELL,

      Plaintiff,

v.                                           Case No.: 2:23-cv-00586-MLG-JHR

CATTLE BARON RESTAURANTS, INC.; MELANIE STEELE, *CEO of Cattle Baron Restaurants, Inc.*; CLAYTON WILSON, *President of Cattle Baron Restaurants*; JOHN DOES I-X; JANE DOES I-X; BLACK AND WHITE ENTITITES I-X,

      Defendants.

**MEMORANDUM OPINION AND ORDER AS TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PROPER SERVICE AND PERSONAL JURISDICTION**

The Federal Rules of Civil Procedure, and Rule 4 specifically, provide detailed instructions on the process and means for serving a summons and complaint. Fed. R. Civ. P. 4. Relevant here is Federal Rule of Civil Procedure 4(e)(1), which allows for service on an individual in accordance with state law. In New Mexico, if either service in person or in the mail is ineffective, then a plaintiff may serve the defendant "by delivering a copy of the process to some person residing at the usual place of abode of the defendant" and "mailing by first class mail to the defendant at the defendant's last known mailing address." NMRA 1-004(F)(2). If all else fails, as a "last resort," a plaintiff may request court approval of service by publication. *T.H. McElvain Oil & Gas Ltd. P'ship v. Grp. I: Benson-Montin-Greer Drilling Corp.* (*McElvain*), 2017-NMSC-004, ¶¶ 28, 32, 388 P.3d 240. To obtain a district court's leave to serve via publication, a plaintiff must file a motion and include a "showing by affidavit that service cannot reasonably be made," which should include a description of the steps the plaintiff took to determine a defendant's address. NMRA 1-004(J); *see*

1

*Diaz v. Baca*, Civ. No. 14-1086, 2016 WL 8924934, at *1 (D.N.M. Sept. 6, 2016). The motion must also be accompanied by a copy of the proposed public notice. NMRA 1-004(K).

Relying on this legal authority, Defendants Melanie Steele and Clayton Wilson ("Individual Defendants")[1] seek dismissal of the claims against them for lack of personal jurisdiction. Docs. 27, 28. They assert that Plaintiff Alex T. Jarrell failed to comply with the legal requirements necessary to effectuate service of process via publication.

The Court agrees that Jarrell's request to serve Individual Defendants via publication was deficient. Specifically, he did not provide an affidavit showing why service could not reasonably be made or the efforts made to effectuate service.[2] He also did not submit a copy of the proposed notice to be published as NMRA 1-004(K) requires.[3] *See* Docs. 17, 17-1 through 17-9.

---

[1] Individual Defendants make a special appearance in this matter to challenge whether they have been properly served. *See* Doc. 27 at 1 n.1; Doc. 28 at 1 n.1. They maintain that they have not waived their right to otherwise challenge personal jurisdiction because they are not appearing generally. Doc. 27 at 1 n.1; Doc. 28 at 1 n.1. Defendant Cattle Baron Restaurants, Inc. ("Cattle Baron") "submit[ted] the motion in conjunction" with the Individual Defendants, but it does not seek dismissal of the claims against it (at least in the instant motions). Doc. 27 at 1; Doc. 28 at 1.

[2] A plaintiff must file a motion and include a "showing by affidavit that service cannot reasonably be made," which should include a description of the steps the plaintiff took to determine a defendant's address. NMRA 1-004(J). A plaintiff may describe their due diligence and efforts to effectuate service by referencing "internet searches; speaking with a defendant's landlord, relatives, neighbors, last known employer, co-workers, and acquaintances; engaging a private investigator; and searching telephone directories, tax rolls, criminal history records, credit records, divorce records, death records, and voter registries." *Diaz*, 2016 WL 8924934, at *1 (collecting cases).

[3] For these reasons, the presiding United States Magistrate Judge should have denied Jarrell's request to serve Individual Defendants by publication for Jarrell's failure to attach the required documents. *See, e.g.*, *Diaz*, 2016 WL 8924934, at *2 (dismissing the plaintiff's cause of action without prejudice for failure to provide an affidavit alongside request to serve via publication); *Ellis v. United States*, Civ. No. 20-971, 2021 WL 1909778, at *2 (D.N.M. May 11, 2021) (denying a plaintiff's motion for service by publication for failure to supply a suitable affidavit).

Jarrell's failure to comply with the relevant federal and state rules of civil procedure are sufficient grounds to warrant dismissal. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("a district court may dismiss an action with prejudice if the plaintiff fails 'to comply with [the Federal Rules of Civil Procedure] or any order of court.'" (quoting Fed. R. Civ. P. 4(b))). However, the Court is loath to dismiss a plaintiff's claim on a technicality. *See Baumeister v. N.M. Comm'n for the Blind*, 409 F. Supp. 2d 1351, 1353 (D.N.M. 2006) (noting "the strong policy underlying the Federal Rules of reaching the merits of an issue rather than dismissing a case on a technicality" and the Federal Rules "actually encourage[] courts to direct plaintiffs to perfect service"). Federal Rule of Civil Procedure Rule 4(m) allows the Court "to extend the time for service even when the plaintiff has not shown good cause." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). And given this Court's strong preference for resolving civil claims on their merits, *see, e.g.*, *Castro v. Oliver*, No. 1:23-CV-00766, 2024 WL 150104, at *3 (D.N.M. Jan. 12, 2024), Jarrell will be afforded one final chance to (properly) effectuate service. This extension is reasonable given the efforts Jarrell has made to locate and serve the Individual Defendants, which include hiring two private investigators to attempt to locate Individual Defendants, dispatching a process server three times to Steele's supposed address in Florida, and contacting opposing counsel to determine if they were authorized to accept service on behalf of Individual Defendants. *See* Doc. 17 at 1-3 (describing history of service of process); Doc. 29 at 2-6 (same); Doc. 30 at 2-3 (same). Further, Jarrell relied on this Court's order permitting him to serve Individual Defendants by alternative means despite the technical deficiency in his request, which also weighs in favor of extending the period of service.

It is hereby ordered that Defendant's Motion for Reconsideration to Modify the December 13, 2023, Order is granted. Doc. 27. The Court's Second Order to Extend, Doc. 19, is amended

3

such that Jarrell's second motion to extend time to serve Individual Defendants and serve them via publication, Doc. 17, is denied.

It is further ordered that Defendants' motion to dismiss is denied. Doc. 28. The Court grants Jarrell thirty (30) days from entry of this Order to personally serve Individual Defendants or seek leave to serve them by publication in accordance with Federal Rule of Civil Procedure 4(e)(1) and New Mexico Rules 1-004(J) and (K).

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA