**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALEX T. JARRELL,

    Plaintiff,

v.                                                                  Case No.: 2:23-cv-00586-MLG-JHR

CATTLE BARON RESTAURANTS, INC.,
MELANIE STEELE, and
CLAYTON WILSON,

    Defendants.

## INITIAL SCHEDULING ORDER

This matter will be before the Court for scheduling and motion practice. The Federal Rules of Civil Procedure and the Court's local rules apply.

A Federal Rule of Civil Procedure 16 scheduling conference will be held at the Pete V. Domenici United States Courthouse, Cimarron Courtroom (5th floor), 333 Lomas N.W., Albuquerque, New Mexico, on Friday, February 21, 2025, at 3:00 PM (MST).

The parties, appearing through counsel or *pro se*, shall "meet and confer" no later than January 31, 2025, to formulate a provisional discovery plan. Fed. R. Civ. P. 26(f). The time allowed for discovery is typically between 120 to 150 days. The parties shall cooperatively prepare a Joint Status Report and Provisional Discovery Plan ("JSR") that follows the sample JSR available at the Court's website. *See* www.nmd.uscourts.gov. The parties must fill in the blanks for the proposed dates. The Court will finalize dates after considering the parties' requests. The Plaintiff—or the Defendant in removed cases—is responsible for filing the JSR by February 14, 2025. D.N.M.LR-Civ. 16.1. If the parties wish to modify case management deadlines or other dates in the scheduling order that issue from the JSR, they must show good cause and receive the Court's written approval.

At the Rule 16 scheduling conference, counsel should be prepared to discuss scheduling, discovery needs, all claims and defenses, the use of scientific evidence and whether a *Daubert*[1] hearing is needed, initial disclosures, and the timing of expert disclosures and reports under Fed. R. Civ. P. 26(a)(2). We may also discuss settlement prospects. The parties should also be prepared to provide dates on which they are available for trial. Absent a showing of good cause, the selected dates will not be extended.

Absent extraordinary circumstances, the Court does not permit counsel to appear virtually. Client attendance is not required.

The Court reminds the parties of the disclosure requirements in Federal Rule of Civil Procedure 7.1. Compliance is mandatory.

If service on all parties is not complete, the plaintiff appearing through counsel or *pro se* is responsible for notifying all parties of the contents of this order. Pretrial practice in this case will be in accordance with the foregoing.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[1] *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993).