IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ALEX T. JARRELL, an individual,**

    **Plaintiff,**

v.                                           Case No.: 2:23-cv-00586-MLG-JHR

**CATTLE BARON RESTAURANTS, INC.; MELANIE STEELE, Chief Executive Officer of Cattle Baron Restaurants, Inc.; JOHN DOES I-X; JANE DOES I-X; BLACK AND WHITE ENTITIES I-X,**

    **Defendants.**

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meet and confer was held by phone on January 31, 2025, at 2:00 p.m. and was attended by:

Joseph M. Zebas
ZEBAS LAW FIRM, LLC
502 W. Alto Dr.
Hobbs, New Mexico 88240
(575) 393-1024 Phone
joe.zebas@zebaslaw.com
*Attorney for Plaintiff*

AND

Linn E. Gillen
JACKSON LEWIS P.C.
500 Marquette Ave. NW, Suite 1050
Albuquerque, NM 87102
(505) 878-0515 Phone
Linn.Gillen@jacksonlewis.com
*Counsel for Defendants*

## NATURE OF THE CASE

This action specifically seeks to enforce rights created under Title VII, Civil Rights Act of 1964 ("Title VII") (42 U.S.C. § 2000e, et seq.), prohibiting race and national origin discrimination, sex discrimination, racial and sexual harassment and retaliation in employment based upon sex, race, national origin and under 42 U.S.C. § 1981 ("Section 1981"), prohibiting race and national origin discrimination, and racial harassment and retaliation in employment based upon race and national origin.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff should be allowed until March 15, 2025, to move to amend the pleadings and until April 15, 2025, to join additional parties.

Defendant should be allowed until April 15, 2025, to move to amend the pleadings and until April 15, 2025, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties.

The parties are willing to further stipulate to the following facts: Plaintiff was formerly employed by Cattle Baron Restaurants, Inc.

The parties further stipulate and agree that the law governing this case is: Title VII, 42 U.S.C. § 1981, and federal law interpreting the foregoing.

## PLAINTIFF'S CONTENTIONS:

The Plaintiff Alex Jarrell ("Alex") started working for Defendant Cattle Baron when he was

16 years of age and worked for the Defendant for over 20 years. For 20 years Alex dedicated himself to the advancement of the corporation. During his years of employment there were several instances in which he was subjected to discriminatory practices by upper management. For many years Alex put up with the work environment and discriminatory practices because he genuinely enjoyed working with the employees under him and had a connection with customers in the restaurant industry. For Alex, this was the only job he ever knew and over time he became an accomplished district manager who learned to put up with hostility in order to get along with upper management/owners. After years of being mistreated, on September 27, 2022, Plaintiff made an official, internal complaint alleging a hostile work environment for himself and other managers. From this point forward, the hostility and retaliation further amplified.

Defendant, through its upper management/owners became part of a regular and repeated practice of discrimination misconduct. Harassment based on race can also constitute a violation of 703(a) of Title VII by creating a hostile work environment. This includes unwelcome conduct that was severe or pervasive enough to alter the conditions Plaintiff's employment and created an abusive working environment. In summary, the Defendants have violated 703(a) of Title VII by engaging in a pattern and practice of intentional discrimination and harassment based on race through actions that create a hostile work environment and negatively impact the plaintiff's employment conditions.

## **DEFENDANTS' CONTENTIONS**

Cattle Baron Restaurants, Inc. is a Texas Corporation engaged in proving food at various restaurants in New Mexico and Texas since 1976.

Plaintiff's job title was District Manager. He applied and was interviewed for the position in late 2010 early 2011. As a District Manager, Plaintiff's primary responsibility was to manage individual restaurant managers and implement Company policy to the individual restaurant managers

under his supervision, to ensure that proper standards per policy are maintained at each location. Further, the District Manager must work well under pressure and respond to emergencies quickly and efficiently, including adherence to Company polices to ensure uniformity within all of the various locations. The District Manager must keep a congenial relationship with all key stakeholders to ensure professional and effective communication to drive the Company towards its growth goals.

In 2021, Cattle Baron noticed a serious decline in Plaintiff's work performance. Specifically, Plaintiff failed to submit mileage properly per Company policy. All District Managers were required to perform this task. Indeed, Plaintiff was advised regarding his failure to submit mileage expense reimbursements and that his failures were affecting the financial component of the business. Plaintiff refused and protested that the rules did not uniformly apply to him. The Comptroller, Jesse McCarty, was hired by Cattle Baron Restaurants, Inc. to provide uniformity and strict adherence to good accounting practices and principles. This was necessitated, as Plaintiff was fully aware, as a result of embezzlement by previous employees. Plaintiff did not like being held to an objectively reasonable standard and continued refusing to timely submit his mileage expenditure reports as required under policy. Adherence to the accounting processes was an essential job function of the District Manager position and was necessary to ensure profitability of the Company and application of basic accounting principles. Plaintiff's failure to perform the essential functions of his position resulted in financial hardship to Cattle Baron. At no time did Plaintiff ever make a formal or written complaint of race or national origin discrimination consistent with Company Policy. Plaintiff received a copy of all relevant polices.

On December 30, 2022, a new "email policy" was sent to all management employees, including Plaintiff. This new policy was put in place to "provide management level employees with guidance and direction on how to manage email communications professionally." The policy

detailed how email should be used with supervisors, peers, direct reports, vendors, and chain of command. On January 4, 2023, the payroll company, ADP, used by Cattle Baron Restaurants, Inc. to process payroll, failed to properly process payroll including duplicating payroll with some employees being paid twice within one week and improperly timed reversals, meaning some employees were overpaid and some employees did not obtain payment. As a result of the ADP mistake all employees were notified of the payroll overpayment and underpayment on January 4, 2023. No less than four (4) employees, directly reporting to Plaintiff, violated the Company email policy. Plaintiff, as their District Manager, was charged with implementing that discipline and adherence to Company policy. In direct defiance of Company policy, his essential job functions, and in an act of insubordination, Plaintiff refused to implement Company policy and issue corrective actions to the four employees that required discipline. Plaintiff acknowledged that the four employees had violated Company policy but refused to implement the policy as required. Further, Plaintiff demanded raises for several cook staff at locations he managed without providing the proper and required performance evaluations to HR. Plaintiff refused to understand that Cattle Baron Restaurants had Human Resources policies and procedures in place that required safeguards prior to "raises" being implemented. Plaintiff was subsequently terminated for his actions. His termination was for legitimate non-discriminatory reasons and unrelated to his race or national origin.

As a result of numerous violations of Company policy, coupled with his performance and conduct issues, Cattle Baron Restaurants terminated Plaintiff's "at will" employment. Plaintiff was terminated for insubordination and multiple violations of Company policy that he refused to correct after extensive coaching and attempts to work with him.

**PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:

Individuals Likely to Have Discoverable Information:

**Plaintiff's Witnesses:**

1. Alex T. Jarrell
   c/o Zebas Law Firm
   502 W. Alto Drive
   Hobbs, NM 88240
   575-393-1024

Alex T. Jarrell is the Plaintiff in this lawsuit and a former employee of Defendant Cattle Baron. It is anticipated he will testify as to his experience as to how he faced a hostile discriminatory workplace environment. It is further anticipated that he will testify as to his mental anguish, embarrassment, pain and suffering, and any other relevant information.

2. Ashley Myers-Palma
   c/o Zebas Law Firm
   502 W. Alto Drive
   Hobbs, NM 88240
   575-393-1024

Ashley Myers-Palma is a former employee of Defendant Cattle Baron. It is anticipated she will testify as to her observations as to how Plaintiff Jarrell faced a hostile discriminatory workplace environment. Particularly, she will testify as to how ownership would refer to Plaintiff as their "black stallion."

3. Lewis "Monte" Walker
   c/o Jackson Lewis. P.C.
   500 Marquette Ave NW, Suite 1050
   Albuquerque, NM 87102
   505-878-0515

Mr. Walker is presently employed as a Senior Vice President of Operations of Cattle Baron, and it is anticipated that he will testify that he was present when Owner/CEO Melanie Steele called Alex Jarrell her "Black Stallion" on multiple occasions. It is further anticipated that he will testify as to how Plaintiff was mistreated in comparison to others.

4. Betty Sanchez
   c/o Zebas Law Firm, LLC
   502 W. Alto Drive
   Hobbs, NM 88240
   575-393-1024

Ms. Sanchez is a former employee of Defendant Cattle Baron and it is anticipated she will testify as to her observations as to how Alex T. Jarrell faced a hostile discriminatory workplace environment. It is further anticipated that Ms. Sanchez will testify about her knowledge of the events alleged in Plaintiff's Complaint and any other relevant information bearing on Plaintiff's claim.

    5.    Jesse McCarty
           c/o Jackson Lewis. P.C.
           500 Marquette Ave NW, Suite 1050
           Albuquerque, NM 87102
           505-878-0515

Jesse McCarty is the (Office Manager/Controller) for Defendant Cattle Baron. It is anticipated that he will testify as to his connection with Defendant Cattle Baron and his work relationship with Plaintiff.

    6.    Debra Lacey
           c/o Jackson Lewis. P.C.
           500 Marquette Ave NW, Suite 1050
           Albuquerque, NM 87102
           505-878-0515

Mrs. Lacey is Cattle Baron's Human Resources Director, Debra Lacey. It is anticipated that she will have the knowledge as to Cattle Baron's policy and procedure as to harassment and discrimination in the workplace. It is further anticipated that she will be called to testify as to her knowledge of the events in question and as to Plaintiff's history of employment with Defendant Cattle Baron.

    7.    Doug Wieser
           c/o Jackson Lewis. P.C.
           500 Marquette Ave NW, Suite 1050
           Albuquerque, NM 87102
           505-878-0515

Doug Wieser is the Vice President of Cattle Baron and is expected to testify about his knowledge of the events alleged in the complaint, the treatment of Plaintiff by Defendants, Plaintiff's employment history with Cattle Baron, and any other relevant information bearing on Plaintiff's claims.

    8.    Clayton Wilson
           c/o Jackson Lewis. P.C.
           500 Marquette Ave NW, Suite 1050
           Albuquerque, NM 87102
           505-878-0515

Clayton Wilson is the President of Cattle Baron and will be called to testify with regards to

his relationship with the company and with Plaintiff. It is further anticipated that Mr. Wilson will testify about his knowledge of the events alleged in Plaintiff's Complaint and any other relevant information bearing on Plaintiff's claim.

9. Mariposa Padilla-Sivage
c/o Jackson Lewis. P.C.
500 Marquette Ave NW, Suite 1050
Albuquerque, NM 87102
505-878-0515

Ms. Padilla-Sivage was an Attorney for Defendant Cattle Baron and will be called to testify with regards to her relationship with the company and with Plaintiff. It is further anticipated that Ms. Padilla-Sivage will testify about her knowledge of the events alleged in Plaintiff's Complaint and any other relevant information bearing on Plaintiff's claim.

10. Melanie Steele
c/o Jackson Lewis. P.C
500 Marquette Ave NW, Suite 1050
Albuquerque, NM 87102
505-878-0515

Mrs. Steele is an owner and manager of Defendant Cattle Baron and a named-Defendant in this lawsuit. It is anticipated that she will testify as to her knowledge of the events alleged in the Complaint, Plaintiff's employment history with Cattle Baron, and any other relevant information to Plaintiff's discrimination claim.

11. The parties' expert witnesses who will either testify or be deposed are unknown at this time;

12. Any other witnesses identified through discovery;

13. Any witnesses identified by the Defenses;

14. Any other witnesses needed for impeachment; and

15. Any rebuttal witnesses, as necessary.

## **DEFENDANTS' WITNESSES**

Defendants will or may call the following witnesses:

1. Plaintiff, Alex Jarrell
c/o Joe Zebas

Plaintiff is expected to have information and knowledge about the allegations in his Complaint as well as his damages and mitigation of the same.

2. Monte Walker, Vice President of Operations Cattle Baron Restaurant, Inc.
   c/o Linn E. Gillen and Danny W. Jarrett, Jackson Lewis, P.C.

Mr. Walker is presently employed as a Senior Vice President of Cattle Baron as such he is considered to be part of management of Cattle Baron Restaurants, Inc. Mr. Walker is expected to have information and knowledge about the policies and procedures in effect at Cattle Baron Restaurants, Inc. Mr. Walker is expected to testify regarding his personal knowledge of his managerial duties.

3. Melaine Steele
   c/o Linn E. Gillen and Danny W. Jarrett, Jackson Lewis, P.C.

Ms. Steele is expected to have information and knowledge about the problems with Plaintiff's performance. Ms. Steele will provide rebuttal testimony regarding any claims of discrimination asserted by Plaintiff. Ms. Steele will also testify about Plaintiff's co-workers, and the problems with their performance, including collusion to take money from the Company as well as the reasons for the termination of their employment.

4. Clayton Wilson.
   c/o Linn E. Gillen and Danny W. Jarrett, Jackson Lewis, P.C.

Mr. Wilson is expected to have information and knowledge about the problems with Plaintiff's performance as well as his meeting with him discussing the same, and the reasons supporting the termination of Plaintiff's employment. Mr. Wilson will also testify about Plaintiff's co-workers, and the problems with their performance, including collusion to take money from the Company as well as the reasons for the termination of their employment.

5. Doug Wieser, Senior Vice-President Cattle Baron Restaurants, Inc.
   c/o Linn E. Gillen and Danny W. Jarrett, Jackson Lewis, P.C.

Mr. Wieser is expected to have information and knowledge about Plaintiff's repeated failure to properly submit timely and accurate mileage reports and additionally failure to properly supervise the individuals he was charged with managing, as well as the financial hardship that resulted to Company. Mr. Wieser is expected to also testify that the problem was remedied since Plaintiff's absence. Mr. Wieser is expected to testify that Plaintiff was terminated for refusal to follow Company policy and insubordination after repeated coaching and reprimanding.

6. Debra Lacey, Human Resources Director, Cattle Baron Restaurants, Inc.
   c/o Linn E. Gillen and Danny W. Jarrett, Jackson Lewis, P.C.

Ms. Lacey is expected to have information and knowledge about Cattle Baron's policies and application of the same. Ms. Lacey is also expected to testify about the problems with Plaintiff's performance, the termination of his employment and the individual who replaced Plaintiff. Ms. Lacey is also expected to have information about Plaintiff's refusal to follow policy and the problems his performance, as well as the reasons for the termination of Plaintiff's employment.

7. Cody Rogers, Esq.
   c/o Linn E. Gillen and Danny W. Jarrett, Jackson Lewis, P.C.

Ms. Rogers conducted the formal investigation into allegations surrounding violations of policy regarding milage. Ms. Rogers will only be competent and qualified to testify into matters contained within the four corners of her Investigation Report that is contemporaneously disclosed with initial disclosures. Ms. Rogers will be asserting attorney client privilege for all such matters including but not limited to work product. To the extent Ms. Rogers drafted the final independent investigation report that substantiated the termination of Plaintiff for legitimate non-discriminatory reasons, she is able to testify about the information within that report.

8. Bryan Steele, COO, Cattle Baron Restaurants, Inc.
   c/o Linn E. Gillen and Danny W. Jarrett, Jackson Lewis, P.C.

Mr. Steele is expected to have information and knowledge about Cattle Baron's policies and procedures including Plaintiff's violation of milage and expense report violations. He has personal knowledge of the deficiencies in the mileage and expense reports that lead to discipline and the ultimate termination of Plaintiff. Mr. Steele is expected to testify regarding the basis for the policy, the fiscal cost to the Company regarding Plaintiff's failure to comply, as he was responsible for ensuring fiscal policies and profitability within the Company.

9. Jesse McCarty, Controller, Cattle Baron Restaurants, Inc.
   c/o Linn E. Gillen and Danny W. Jarrett, Jackson Lewis, P.C.

Mr. McCarty is expected to have information and knowledge about Cattle Baron's policies and application of the same including mileage and expenditure reports. Mr. McCarty is also expected to testify about the problems with Plaintiff's performance, including Plaintiff's failure to consistently and timely submit expenditures per Company policy. Mr. McCarty may have knowledge about the fact that Plaintiff was the only District Manager that failed to properly and timely submit mileage reports. He may further have information that this policy applied equally to all District Managers, including Plaintiff. Mr. McCarty is expected to testify that Plaintiff had an unreasonable expectation that the rules would not apply to him and how the failure to properly and timely submit mileage reimbursement requests cost Cattle Baron resources and unnecessary time causing financial harm.

Any witness listed by Plaintiff.

Any witness necessary to authenticate documents, not known at this time.

Any witness identified through discovery, not known at this time.

Any witnesses necessary for rebuttal, not known at this time.

**Plaintiff Expert Witnesses:**

Plaintiff has not yet identified expert witnesses.

**Defendant Expert Witnesses:**

Defendant will disclose expert witnesses in accordance with the Court's Scheduling Order.

**Plaintiff's Documents that May be Relevant**:

    a.    All employe handbooks;

    b.    Any and all policy and procedure maintained by the Defendant;

    c.    Employee files;

    d.    Any and all Investigation Reports;

    e.    All documents identified by other parties to this case;

    f.    Any documents identified through remaining discovery;

**Defendant's Documents that May be Relevant**:

Defendants may offer the following exhibits:

1. Documents from Plaintiff's' personnel file;
2. Employment Handbook including personnel policies;
3. Plaintiff's job description;
4. Separation Report;
5. Findings from investigation into Complaints from Jarmie & Rogers, PC .
6. Any exhibit identified by Plaintiff;
7. Any exhibit identified during discovery, not known at this time;
8. Any exhibit necessary for rebuttal, not known at this time.

**Discovery will be needed on the following subjects**:

Discovery will be needed on the issues of liability and damages.

Maximum of 30 interrogatories by each party to any other party. (Responses are due 30 days after service).

Maximum 35 requests for production by each party to any other party. (Response due 30 days after service).

Maximum of 35 Requests for Admission for each party to any other party.

Maximum of 7 depositions by Plaintiffs and 7 depositions by Defendants. The parties agree to meet and confer on the need for additional depositions as discovery proceeds. All depositions, except for the depositions of expert witnesses, are limited to a maximum of 7 hours unless extended by agreement of parties.

Discovery deadline: to be determined after Rule 16 Scheduling Order is filed.

Other items: None at this time.

Reports from retained experts under Rule 26(a)(2) due:

From Plaintiffs: 60 days after Rule 16 Scheduling Order is filed.

From Defendants: 90 days after Rule 16 Scheduling Order is filed.

Other Items: None at this time.

Supplementation under Rule 26(e) is due as appropriate and as required by the Federal Rules of Civil Procedure.

All discovery commenced in time to be completed within 180 days of the Scheduling Conference.

## PRETRIAL MOTIONS

Plaintiff intends to file: Motion for Summary Judgment on Liability; Possibly Compel Motions; Motions in *Limine* as appropriate.

Defendants intend to file: Discovery and dispositive motions as appropriate.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 4-5 days/weeks.

_____ This is a non-jury case.

__x__ This is a jury case.

The parties request a pretrial conference after the close of discovery.

## SETTLEMENT

The possibility of settlement in this case is unknown, although Defendant believes this case could benefit from an early settlement facilitation by the Federal Judges in their discretion. The parties can agree to request a settlement conference at the close of discovery.

## EXCEPTIONS

ZEBAS LAW FIRM, LLC


By: _/s/Joseph M. Zebas_
    Joseph M. Zebas
    502 West Alto Drive
    Hobbs, NM 88540
    joe.zebas@zebaslaw.com
    575.393.1024
    *Attorney for Plaintiff*


JACKSON LEWIS P.C.

By: _/s/Linn E. Gillen via email 2/13/25_
    Linn E. Gillen
    Danny W, Jarrett
    500 Marquette Ave NW, Suite 1050
    Albuquerque, NM 87102
    Linn.Gillen@jacksonlewis.com
    Danny.Jarrett@jacksonlewis.com
    505.878.0515
    *Attorneys for Defendants*