IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALEX T. JARRELL,

    Plaintiff,

v.   2:23-cv-00586 MLG-JHR

CATTLE BARON RESTAURANTS, INC.,
et al.,

    Defendants.

## SCHEDULING ORDER

The Civil Justice Expense and Delay Reduction Plans direct United States district courts to assert "early and ongoing control of the pretrial process." 28 U.S.C. § 473(a)(2). To achieve that objective, district courts are directed to plan the progress of a case, set "early, firm trial dates, such that the trial is scheduled to occur within eighteen months after filing the complaint," unless the Court certifies that "the demands of the case and its complexity" render that timing unreasonable or "incompatible with service the ends of justice." 28 U.S.C. § 473(a)(2)(B)(i); *see also* § 473(a)(2)(B)(ii). With these considerations as a guide, and having examined the parties' Joint Scheduling Report ("JSR"), (Doc. 65), the Court hereby orders as follows:

### THE PROVISIONAL DISCOVERY PLAN

The Court adopts the parameters set out in the parties' provisional discovery plan, which was included in the JSR. That includes the deadlines for exchanging initial disclosures, numerical limitations on interrogatories, requests for production, requests for admission, and depositions. Deadlines relating to expert reports/disclosures are set forth below.

**DEADLINES**

Plaintiff(s) shall be allowed until March 14, 2025, to amend pleadings and April 15, 2025, to join additional parties in compliance with Federal Rule of Civil Procedure 15(a). Defendant(s) shall be allowed until April 15, 2025, to amend pleadings and until April 15, 2025, to join additional parties in compliance with Rule 15(a).

The termination date for all fact discovery is August 20, 2025, and discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be <u>completed</u> on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by September 9, 2025. *See* D.N.M. LR-Civ. 7 (providing motion practice requirements and timing of responses and replies). This deadline shall not be construed to extend the twenty-day time limit in D.N.M. LR-Civ. 26.6.

Plaintiff(s) shall identify to all parties in writing any expert witness to be used by Plaintiff(s) at trial and to provide expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) no later than January 9, 2026. All other parties shall identify in writing any expert witness to be used by such parties at trial and to provide expert reports pursuant to Rule 26(a)(2)(B) no later than March 13, 2026. The parties must have their experts ready to be deposed at the time they identify them and produce their reports.

Supplementation of discovery responses should be made timely and in a reasonable period after a party ascertains such supplementation is necessary. In all circumstances, a party must supplement their responses pursuant to Rule 26(e) and no later than August 20, 2025. Pretrial motions, other than discovery motions, shall be filed with the Court and served on an opposing party by September 19, 2025. *See* D.N.M. LR-Civ. 7 (providing motion practice requirements and timing of responses and replies). Any pretrial motions, other than discovery motions, filed after the above dates shall, in the discretion of the Court, be considered untimely. Motion hearings will be set as necessary, but it is generally the Court's practice to hear arguments on dispositive motions and other substantive requests.

If documents are attached as exhibits to motions, affidavits, or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M. LR-Civ. 10.6.

Motions in limine are due on or before January 26, 2026. Responses are due two-weeks after motion is filed. No replies are necessary.

Counsel are directed to file a consolidated final Pretrial Order as follows: Plaintiff to Defendant on or before March 2, 2026; Defendant to the Court on or before March 9, 2026. Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for cause shown. A template for the Pretrial Order is available here: https://www.nmd.uscourts.gov/forms/.

This matter is set for a Pretrial Conference on April 22, 2026, at 1:30 p.m. There, the Court will go over trial procedure and process. Jury Selection/Trial is set on a trailing docket beginning

May 18, 2026 at 9:00 a.m. before Judge Matthew L. Garcia at the United States Courthouse, 333 Lomas Blvd., N.W., Cimarron Courtroom, 5th Floor in Albuquerque, New Mexico.

## THINGS TO NOTE

Judge Garcia does not allow for remote appearances. All hearings will be in person. Further, as discussed above, the Civil Justice Expense and Delay Reduction Plans require district courts to set "firm trial dates, such that the trial is scheduled to occur within eighteen months after filing the complaint." 28 U.S.C. § 473(a)(2)(B). The Court takes that admonition seriously and expects the parties to do so also. So, unless a party truly demonstrates good cause, neither the motions deadline nor the trial deadline will be extended. Please plan accordingly.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA